LANE POWELL PC
PAUL B. GEORGE, State Bar No. 55147
georgep@lanepowell.com
IAN T. MAHER, State Bar No. 280746
maheri@lanepowell.com
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY NOBLES,<br><br>                Plaintiff,<br><br>        v.<br><br>THEVAULTMS.COM, LLC, et al,<br><br>                Defendant. | Case No. 8:23-cv-00704-JWH-KES<br><br>Honorable John W. Holcomb<br><br>**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**<br><br>Final PTC:  December 13, 2024, at 1:00 p.m.<br><br>Complaint Filed:  April 21, 2023<br>Trial Date:  January 13, 2025 |

Plaintiff Anthony Nobles hereby submits the following proposed jury instructions.


DATED:  November 27, 2024        LANE POWELL PC



                                By:    _s/ Paul B. George_
                                       PAUL B. GEORGE
                                       IAN T. MAHER
                                       Attorneys for Plaintiff

1

710588.0005/9948819.1

INDEX OF PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Duty of Jury (Court Reads Instructions at the Beginning of Trial but Does Not Provide Written Copies) | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.3 | 13 |
| 2 | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.4 | 14 |
| 3 | Claims and Defenses | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.5 | 15 |
| 4 | Burden of Proof—Preponderance of | Manual of Model Civil Jury | 16 |

| | | | |
|---|---|---|---|
| | the Evidence | Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.6 | |
| 5 | Burden of Proof—Clear and Convincing Evidence | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.7 | 17 |
| 6 | What is Evidence | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.9 | 18 |
| 7 | What is Not Evidence | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last | 19 |

710588.0005/9948819.1

| | | Updated June 2024), Instruction 1.10 | |
|---|---|---|---|
| 8 | Direct and Circumstantial Evidence | Direct and Circumstantial Evidence | 20 |
| 9 | Ruling on Objections | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.13 | 21 |
| 10 | Credibility of Witnesses | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.14 | 22 |
| 11 | Conduct of the Jury | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last | 24 |

4

|  |  | Updated June 2024), Instruction 1.15 |  |
|---|---|---|---|
| 12 | No Transcript Available to Jury | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.17 | 27 |
| 13 | Taking Notes | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.18 | 28 |
| 14 | Bench Conferences and Recesses | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.20 | 29 |

710588.0005/9948819.1

| 15 | Outline of Trial | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.21 | 30 |
|---|---|---|---|
| 16 | Cautionary Instructions | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 2.0 | 31 |
| 17 | Expert Opinion | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 2.13 | 32 |
| 18 | Duty to Deliberate | Manual of Model Civil Jury Instructions for the | 33 |

710588.0005/9948819.1

| | | Ninth Circuit (2017) (Last Updated June 2024), Instruction 3.1 | |
|---|---|---|---|
| 19 | Consideration of Evidence—Conduct of the Jury | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 3.2 | 34 |
| 20 | Communication with Court | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 3.3 | 36 |
| 21 | Return of Verdict | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June | 37 |

| | | 2024), Instruction 3.5 | |
|---|---|---|---|
| 22 | Liability of Corporations—Scope of Authority Not in Issue | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 4.2 | 38 |
| 23 | Agent and Principal—Definition | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 4.4 | 39 |
| 24 | Agent—Scope of Authority Defined | Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 4.54 | 40 |
| 25 | Plaintiff's Claim | Judicial Council | 41 |

8

| | for Conversion | Of California Civil Jury Instruction 2100 | |
|---|---|---|---|
| 26 | Presumed Measure of Damages for Conversion (Civ. Code § 3336) | Judicial Council Of California Civil Jury Instruction 2102 | 42 |
| 27 | Breach of Contract—Introduction | Judicial Council Of California Civil Jury Instruction 300 | 43 |
| 28 | Plaintiff's Claim for Breach of Contract | Judicial Council Of California Civil Jury Instruction 303 | 44 |
| 29 | Introduction to Contract Damages | Judicial Council Of California Civil Jury Instruction 350 | 45 |
| 30 | Loss of Profits—Some Profits Earned | Judicial Council Of California Civil Jury Instruction 353 | 46 |
| 31 | "Fiduciary Duty" Explained | Judicial Council Of California Civil Jury Instruction 4100 | 47 |

9

| 32 | Plaintiff's Claim for Breach of Fiduciary Duty | Judicial Council Of California Civil Jury Instruction 4102 | 48 |
|---|---|---|---|
| 33 | Plaintiff's Claim for Aiding and Abetting Breach of Fiduciary Duty | Judicial Council Of California Civil Jury Instruction 3610 | 49 |
| 34 | Plaintiff's Claim for Intentional Misrepresentation | Judicial Council Of California Civil Jury Instruction 1900 | 50 |
| 35 | Plaintiff's Claim for Negligent Misrepresentation | Judicial Council Of California Civil Jury Instruction 1903 | 51 |
| 36 | Reliance | Judicial Council Of California Civil Jury Instruction 1907 | 52 |
| 37 | Reasonable Reliance | Judicial Council Of California Civil Jury Instruction 1908 | 53 |
| 38 | Seller's Damages for Sale or Exchange of | Judicial Council Of California Civil Jury Instruction | 54 |

710588.0005/9948819.1

| | Property | 1922. | |
|---|---|---|---|
| 39 | Damages—"Out of Pocket" Rule | Judicial Council Of California Civil Jury Instruction 1923 | 55 |
| 40 | Damages— "Benefit of the Bargain" Rule | Judicial Council Of California Civil Jury Instruction 1924 | 56 |
| 41 | Plaintiff's Claim for Constructive Fraud in Violation of Cal. Civ. Code § 1573 | Judicial Council Of California Civil Jury Instruction 4111 | 57 |
| 42 | Plaintiff's Claim for Unjust Enrichment | *Pro. Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 238 (2018) | 58 |
| 43 | Plaintiff's Claim for the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq.) | Cal. Bus. & Prof. Code §§ 17200 & 17204 | 59 |
| 44 | Plaintiff's Claim for False | Cal. Bus. & Prof. Code § 17500 | 60 |

11

| | Advertising Law (Cal. Bus. & Prof. Code §§ 17500, et seq.) | | |
|---|---|---|---|
| 45 | Plaintiff's Claim for Declaratory Relief | *Lee v. Silveira*, 6 Cal. App. 5th 527, 546 (2016) | 61 |
| 46 | Introduction to Tort Damages— Liability Contested | Judicial Council Of California Civil Jury Instruction 3900, 3903J, 3903N | 62 |
| 47 | Prejudgment Interest (Civ. Code § 3288) | Judicial Council Of California Civil Jury Instruction 3935 | 64 |
| 48 | Punitive Damages— Individual and Entity Defendants—Trial Not Bifurcated | Judicial Council Of California Civil Jury Instruction 3947 | 65 |

12

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1.**

### Duty of Jury (Court Reads Instructions at the Beginning of Trial but Does Not Provide Written Copies)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties. Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.3.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2.

Duty of Jury (Court Reads and Provides Written Instructions at End of Case)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.4.

710588.0005/9948819.1

14

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3.

### Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff asserts that Defendants converted Plaintiff's property; Defendants breached their contract with Plaintiff; Defendants breached their fiduciary duty to Plaintiff; Defendants Pass and Sonic Bidder aided and abetted the breach of fiduciary duty by Defendant The Vault; Defendants made intentional misrepresentations to Plaintiff; Defendants Pass and The Vault made negligent misrepresentations to Plaintiff; Defendants Pass and The Vault committed constructive fraud in violation of Cal. Civ. Code § 1573 against Plaintiff; Defendants were unjustly enriched at the expense of Plaintiff; Defendants violated the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.) and False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 et seq.); and Plaintiff is entitled to declaratory relief. The plaintiff has the burden of proving these claims.

Defendants deny those claims and also contends that Plaintiff committed intentional misrepresentation; Plaintiff committed negligent misrepresentation; that Defendants' performance was excused by failure of consideration; that Plaintiff's recovery must be offset by amounts owed to Defendants by Plaintiff; that Plaintiff's claims are barred by the doctrine of unclean hands; and that Plaintiff's claim for breach of any oral agreement alleged in the Complaint is barred by the applicable statute of limitations. The defendant has the burden of proof on these counterclaims and/or affirmative defenses.

Plaintiff denies Defendants' counterclaims and/or affirmative defenses.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.5.

710588.0005/9948819.1

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4.**

### Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.6.

710588.0005/9948819.1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5.**

Burden of Proof—Clear and Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.7.

710588.0005/9948819.1

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6.**

### What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I [may instruct] [have instructed] you to accept as proved.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.9.

710588.0005/9948819.1

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7.**

### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.10.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8.

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.12.

710588.0005/9948819.1

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9.

## Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.13.

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10.**

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

22

number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.14.

710588.0005/9948819.1

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11.

### Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen

to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last

Updated June 2024), Instruction 1.15.

710588.0005/9948819.1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12.**

<u>No Transcript Available to Jury</u>

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.17.

710588.0005/9948819.1

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13.</u>

<u>Taking Notes</u>

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.18.

710588.0005/9948819.1

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14.**

<u>Bench Conferences and Recesses</u>

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.20.

710588.0005/9948819.1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15.**

<u>Outline of Trial</u>

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 1.21.

710588.0005/9948819.1

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16.**

### Cautionary Instructions

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

(in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 2.0.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17.

### Expert Opinion

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] about [his] [her]opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 2.13.

710588.0005/9948819.1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18.**

Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 3.1.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19.

### Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the

34

1   lawyers—until you have been excused as jurors. If you happen to read
2   or hear anything touching on this case in the media, turn away and
3   report it to me as soon as possible.

4       These rules protect each party's right to have this case decided only on evidence
5   that has been presented here in court. Witnesses here in court take an oath to tell the
6   truth, and the accuracy of their testimony is tested through the trial process. If you do
7   any research or investigation outside the courtroom, or gain any information through
8   improper communications, then your verdict may be influenced by inaccurate,
9   incomplete, or misleading information that has not been tested by the trial process.
10  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the
11  case based on information not presented in court, you will have denied the parties a
12  fair trial. Remember, you have taken an oath to follow the rules, and it is very
13  important that you follow these rules.

14      A juror who violates these restrictions jeopardizes the fairness of these
15  proceedings, and a mistrial could result that would require the entire trial process to
16  start over. If any juror is exposed to any outside information, please notify the court
17  immediately.

18

19  Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last
20  Updated June 2024), Instruction 3.2.

21
22
23
24
25
26
27
28

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20.

### Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 3.3.

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21.**

### Return of Verdict

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 3.5.

37

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22.**

### Liability of Corporations—Scope of Authority Not in Issue

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 4.2.

710588.0005/9948819.1

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23.

### Agent and Principal—Definition

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. [One may be an agent without receiving compensation for services.] [The agency agreement may be oral or written.]

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last Updated June 2024), Instruction 4.4.

710588.0005/9948819.1

1    **<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24.</u>**

2    <u>Agent—Scope of Authority Defined</u>

3    An agent is acting within the scope of authority if the agent is engaged in the

4    performance of duties which were expressly or impliedly assigned to the agent by the

5    principal.

6

7    Source: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017) (Last

8    Updated June 2024), Instruction 4.54.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

710588.0005/9948819.1

# **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25.**

## Plaintiff's Claim for Conversion

Plaintiff claims that Defendants wrongfully exercised control over his personal property. To establish this claim, Plaintiff must prove all of the following:

1.  That Plaintiff owned the 1997 Ferrari 456 GTA and had a right to possess money from the sale of Plaintiff's cars;

2.  That Defendants substantially interfered with Plaintiff's property by knowingly or intentionally selling the 1997 Ferrari 456 GTA without authorization from Plaintiff and keeping money from the sale of Plaintiff's cars despite Plaintiff's demands for it;

3.  That Plaintiff did not consent;

4.  That Plaintiff was harmed; and

5.  That Defendants' conduct was a substantial factor in causing Plaintiff's harm.

Source: Judicial Council Of California Civil Jury Instruction 2100.

710588.0005/9948819.1

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26.

## Presumed Measure of Damages for Conversion (Civ. Code § 3336)

If you decide that Plaintiff has proved his claim against Defendants, you also must decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages."

Plaintiff must prove the amount of his damages. However, Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Plaintiff:

1.  The fair market value of Plaintiff's 1997 Ferrari 456 GTA at the time Defendants' sold it without permission; and

2.  amounts from sales of Plaintiff's vehicles that Defendants have not paid.

"Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1.  That there is no pressure on either one to buy or sell; and

2.  That the buyer and seller know all the uses and purposes for which Plaintiff's 1997 Ferrari 456 GTA is reasonably capable of being used.

Source: *See* Judicial Council Of California Civil Jury Instruction 2102.

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27.**

### Breach of Contract—Introduction

Plaintiff claims that he and Defendants entered into a contract for Defendants to sell some of Plaintiff's vehicles.

Plaintiff claims that Defendants breached this contract by selling Plaintiff's vehicles for amounts lower than what was agreed upon, by failing to make payments to Plaintiff following sales as required by the contract, and selling Plaintiff's 1997 Ferrari 456 GTA without permission.

Plaintiff also claims that Defendants' breach of this contract caused harm to Plaintiff for which Defendants should pay.

Defendants deny Plaintiff's claims. Defendants also claim their performance was excused by failure of consideration, offset, unclean hands, and that any oral agreement is barred by the statute of limitations.

Source: Judicial Council Of California Civil Jury Instruction 300.

710588.0005/9948819.1

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28.

## Plaintiff's Claim for Breach of Contract

To recover damages from Defendants for breach of contract, Plaintiff must prove all of the following:

1.  That Plaintiff and Defendants entered into a contract;

2.  That Plaintiff did all, or substantially all, of the significant things that the contract required him to do;

3.  That Defendants failed to do something that the contract required or that the contract prohibited them from doing;

4.  That Plaintiff was harmed; and

5.  That Defendants' breach of contract was a substantial factor in causing Plaintiff's harm.

Source: Judicial Council Of California Civil Jury Instruction 303.

710588.0005/9948819.1

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29.

## Introduction to Contract Damages

If you decide that Plaintiff has proved his claim against Defendants for breach of contract, you also must decide how much money will reasonably compensate Plaintiff for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Plaintiff in as good a position as he would have been if Defendants had performed as promised.

To recover damages for any harm, Plaintiff must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Plaintiff also must prove the amount of his damages according to the following instructions. He does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Plaintiff claims damages for Defendants selling his vehicles at prices lower than agreed upon, failing to make payments on sales of Plaintiff's vehicles, and selling Plaintiff's 1997 Ferrari 456 GTA without permission.


Source: Judicial Council Of California Civil Jury Instruction 350.

710588.0005/9948819.1

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30.

## Loss of Profits—Some Profits Earned

To recover damages for lost profits, Plaintiff must prove that it is reasonably certain he would have earned more profits but for Defendants' breach of the contract. To decide the amount of damages for lost profits, you must:

1.  First, calculate Plaintiff's estimated total profit by determining the gross amount he would have received if the contract had been performed, and then subtracting from that amount the costs Plaintiff would have had if the contract had been performed;

2.  Next, calculate Plaintiff's actual profit by determining the gross amount he actually received, and then subtracting from that amount Plaintiff's actual costs; and

3.  Then, subtract Plaintiff's actual profit, which you determined in the second step, from his estimated total profit, which you determined in the first step. The resulting amount is Plaintiff's lost profit.

You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

Source: Judicial Council Of California Civil Jury Instruction 353.

710588.0005/9948819.1

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 31.

## "Fiduciary Duty" Explained

An agent owes what is known as a fiduciary duty to his principal. A fiduciary duty imposes on an agent a duty to act with the utmost good faith in the best interests of his principal.

Source: Judicial Council Of California Civil Jury Instruction 4100.

710588.0005/9948819.1

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32.

## Plaintiff's Claim for Breach of Fiduciary Duty

Plaintiff claims that he was harmed by Defendants' breach of the fiduciary duty of loyalty.  An agent owes its principal undivided loyalty.  To establish this claim, Plaintiff must prove all of the following:

1. That Defendants were Plaintiff's agent;

2. That Defendants knowingly acted against Plaintiff's interests in connection with selling Plaintiff's property;

3. That Plaintiff did not give informed consent to Defendants' conduct;

4. That Plaintiff was harmed; and

5. That Defendants' conduct was a substantial factor in causing Plaintiff's harm.

Source: Judicial Council Of California Civil Jury Instruction 4102.

710588.0005/9948819.1

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33.

### Plaintiff's Claim for Aiding and Abetting Breach of Fiduciary Duty

Plaintiff claims that he was harmed by Defendants' breach of fiduciary duty and that Defendants Pass and Sonic Bidder are responsible for the harm because they aided and abetted Defendants in committing the breach of fiduciary duty.

If you find that Defendants committed a breach of fiduciary duty that harmed Plaintiff then you must determine whether Defendants Pass and Sonic Bidder are also responsible for the harm.  Defendants Pass and Sonic Bidder are responsible as an aider and abettor if Plaintiff proves all of the following:

1.    That Defendants Pass and Sonic Bidder knew that a breach of fiduciary duty was being committed by Defendant The Vault against Plaintiff;

2.    That Defendants Pass and Sonic Bidder gave substantial assistance or encouragement to Defendant The Vault; and

3.    That Defendants Pass and Sonic Bidder's conduct was a substantial factor in causing harm to Plaintiff.

Source: Judicial Council Of California Civil Jury Instruction 3610.

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34.**

### Plaintiff's Claim for Intentional Misrepresentation

Plaintiff claims that Defendants made a false representation that harmed him. To establish this claim, Plaintiff must prove all of the following:

1. That Defendants represented to Plaintiff that a fact was true;

2. That Defendants' representation was false;

3. That Defendants knew that the representation was false when they made the representation recklessly and without regard for its truth;

4. That Defendants intended that Plaintiff rely on the representation;

5. That Plaintiff reasonably relied on Defendants' representation;

6. That Plaintiff was harmed;

7. That Plaintiff's reliance on Defendants' representation as a substantial factor in causing his harm.

Source: Judicial Council Of California Civil Jury Instruction 1900.

710588.0005/9948819.1

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 35.

## Plaintiff's Claim for Negligent Misrepresentation

Plaintiff claims he was harmed because Defendants negligently misrepresented a fact. To establish this claim, Plaintiff must prove all of the following:

1.  That Defendants Pass and The Vault represented to Plaintiff that a fact was true;

2.  That Defendants Pass and The Vault's representation was not true;

3.  That although Defendants Pass and The Vault may have honestly believed that the representation was true, Defendants Pass and The Vault had no reasonable grounds for believing the representation was true when they made it;

4.  That Defendants Pass and The Vault intended that Plaintiff rely on this representation;

5.  That Plaintiff reasonably relied on Defendants Pass and The Vault's representation;

6.  That Plaintiff was harmed; and

7.  That Plaintiff's reliance on Defendants Pass and The Vault's representation was a substantial factor in causing his harm.

Source: Judicial Council Of California Civil Jury Instruction 1903.

710588.0005/9948819.1

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 36.**

### Reliance

Plaintiff relied on Defendants' misrepresentation if:

1.    The misrepresentation substantially influenced him to agree to engage Defendants to sell his cars and agree to sell his BMW M1 for $200,000 less than its minimum agreed price and fair market value; and

2.    He would probably not have agreed to engage Defendants to sell his cars and agreed to sell his BMW M1 for $200,000 less than its minimum agreed price and fair market value without the misrepresentation.

It is not necessary for a misrepresentation to be the only reason for Plaintiff's conduct.

Source: Judicial Council Of California Civil Jury Instruction 1907.

710588.0005/9948819.1

# **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 37.**

## Reasonable Reliance

In determining whether Plaintiff's reliance on the misrepresentation was reasonable, he must first prove that the matter was material. A matter is material if a reasonable person would find it important in deciding what to do.

If you decide that the matter is material, you must then decide whether it was reasonable for Plaintiff to rely on the misrepresentation. In making this decision, take into consideration Plaintiff's intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a misrepresentation that is preposterous. It also is not reasonable for anyone to rely on a misrepresentation if facts that are within his observation show that it is obviously false.

Source: Judicial Council Of California Civil Jury Instruction 1908.

710588.0005/9948819.1

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 38.**

### Seller's Damages for Sale or Exchange of Property

If you decide that Plaintiff has proved his claim against Defendants, you also must decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages."

Plaintiff must prove the amount of his damages. However, Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Plaintiff:

1.     The difference between the fair market value of the property at the time of sale and the amount that Plaintiff received;

2.     Amounts that Plaintiff reasonably spent in reliance on Defendants' false representation if those amounts would not otherwise have been spent in the sale or exchange of the property; and

3.     Any additional damage arising from the particular transaction.

Source: *See* Judicial Council Of California Civil Jury Instruction 1922.

710588.0005/9948819.1

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 39.

### Damages—"Out of Pocket" Rule

If you decide that Plaintiff has proved his claim against Defendants, you also must decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that Defendants were a substantial factor in causing, even if the particular harm could not have been anticipated.

Plaintiff must prove the amount of his damages. However, Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To decide the amount of damages you must determine the fair market value of what Plaintiff gave and subtract from that amount the value of what he received.

"Fair market value" is the highest price that a willing buyer would have paid on the date of the transaction to a willing seller, assuming:

1.      That there is no pressure on either one to buy or sell; and

2.      That the buyer and seller know all the uses and purposes for which Plaintiff's vehicles are reasonably capable of being used.

Plaintiff may also recover amounts that he reasonably spent in reliance on Defendants' false representation if those amounts would not otherwise have been spent.

Source: Judicial Council Of California Civil Jury Instruction 1923.

710588.0005/9948819.1

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 40.**

### Damages—"Benefit of the Bargain" Rule

If you decide that Plaintiff has proved his claim against Defendants, you also must decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that Defendants were a substantial factor in causing, even if the particular harm could not have been anticipated.

Plaintiff must prove the amount of his damages. However, Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To determine the amount of damages, you must:

1.    Determine the fair market value that Plaintiff would have received if the representations made by Defendants had been true; and

2.    Subtract the fair market value of what he did receive.

The resulting amount is Plaintiff's damages. "Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1.    That there is no pressure on either one to buy or sell; and

2.    That the buyer and seller know all the uses and purposes for which Plaintiff's vehicles are reasonably capable of being used.

Fair market value must be determined as of the date that Plaintiff discovered Defendants' false representation.

Plaintiff may also recover amounts that he reasonably spent in reliance on Defendants' false representation if those amounts would not otherwise have been spent.

Source: Judicial Council Of California Civil Jury Instruction 1924.

710588.0005/9948819.1

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 41.

Plaintiff's Claim for Constructive Fraud in Violation of Cal. Civ. Code § 1573

Plaintiff claims that he was harmed because Defendants misled him by failing to provide Plaintiff with complete and accurate information.  To establish this claim, Plaintiff must prove all of the following:

1.  That Defendants Pass and The Vault were Plaintiff's agent;

2.  That Defendants Pass and The Vault acted on Plaintiff's behalf for purposes of selling his cars;

3.  That Defendants Pass and The Vault knew or should have known that they did not have the experience or clientele that they represented, could sell the cars for the minimum prices set by Plaintiff, or that they had buyers lined up;

4.  That Defendants Pass and The Vault misled Plaintiff by providing Plaintiff with information that was inaccurate or incomplete;

5.  That Plaintiff was harmed; and

6.  That Defendants Pass and The Vault's conduct was a substantial factor in causing Plaintiff's harm.

Source: Judicial Council Of California Civil Jury Instruction 4111.

710588.0005/9948819.1

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 42.**

### Plaintiff's Claim for Unjust Enrichment

Plaintiff claims that Defendants were unjustly enriched at Plaintiff's expense. To establish this claim, Plaintiff must prove all of the following:

1.    That Defendants received a benefit; and

2.    That Defendants unjustly retained the benefit at the expense of Plaintiff.

Source:  *Pro. Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 238 (2018).

58

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 43.

## Plaintiff's Claim for the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

Plaintiff claims Defendants engaged in unfair business practices.  To establish this claim, Plaintiff must prove all of the following:

1.    Defendants engaged in an unlawful, unfair or fraudulent business practice;

2.    Plaintiff suffered an injury in fact as the result of the practice; and

3.    Plaintiff lost money or property as the result of the practice.


Source: Cal. Bus. & Prof. Code §§ 17200 & 17204.

59

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 44.

### Plaintiff's Claim for False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

Plaintiff claims Defendants engaged in false advertising. To establish this claim, Plaintiff must prove all of the following:

1.    Defendants publicly disseminated untrue or misleading statements regarding Plaintiff's Scarab race car;

2.    Defendants knew or reasonably should have known the statements were untrue or misleading;

3.    Defendants made the statements with the intent to dispose of Plaintiff's Scarab race car; and

4.    Defendant's conduct caused Plaintiff harm.


Source: Cal. Bus. & Prof. Code § 17500.

710588.0005/9948819.1

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 45.

## Plaintiff's Claim for Declaratory Relief

Plaintiff claims he is entitled to declaratory relief against Defendants. To establish this claim, Plaintiff must prove all of the following:

1.  Plaintiff presents a proper subject of declaratory relief; and

2.  There is an actual controversy involving justiciable questions relating to the rights or obligations of a party.

Source: *Lee v. Silveira*, 6 Cal. App. 5th 527, 546 (2016).

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 46.**

### Introduction to Tort Damages—Liability Contested

If you decide that Plaintiff has proved his claim against Defendants, you also must decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Defendants' wrongful conduct, even if the particular harm could not have been anticipated.

Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Plaintiff:

1. The harm to Plaintiff's vehicles.

To recover damages for harm to personal property, Plaintiff must prove the reduction in the vehicles value or the reasonable cost of repairing it, whichever is less.

To determine the reduction in value if repairs cannot be made, you must determine the fair market value of the vehicles immediately before the harm occurred and then subtract the fair market value immediately after the harm occurred.

"Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1.     That there is no pressure on either one to buy or sell; and

2.     That both buyer and seller have reasonable knowledge of all relevant facts about the condition and quality of Plaintiff's vehicles.

2. Lost profits.

To recover damages for lost profits, Plaintiff must prove it is reasonably certain he would have earned profits but for Defendants' conduct.

To decide the amount of damages for lost profits, you must determine the gross amount Plaintiff would have received but for Defendants' conduct and then subtract

1   from that amount the expenses Plaintiff would have had if Defendants' conduct had

2   not occurred.

3        The amount of the lost profits need not be calculated with mathematical

4   precision, but there must be a reasonable basis for computing the loss.

5

6   Source: Judicial Council Of California Civil Jury Instruction 3900, 3903J, 3903N.

710588.0005/9948819.1

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 47.

## Prejudgment Interest (Civ. Code § 3288)

If you decide that Plaintiff is entitled to recover damages for past economic loss in one or more of the categories of damages that he claims, then you must decide whether he should also receive prejudgment interest on each item of loss in those categories. Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the funds. If prejudgment interest is awarded, it is computed from the date on which each loss was incurred until the date on which you sign your verdict.

Whether Plaintiff should receive an award of prejudgment interest on all, some, or none of any past economic damages that you may award is within your discretion. If you award these damages to Plaintiff, you will be asked to address prejudgment interest in the special verdict form.

Source: Judicial Council Of California Civil Jury Instruction 3935.

710588.0005/9948819.1

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 48.**

<u>Punitive Damages—Individual and Entity Defendants—Trial Not Bifurcated</u>

If you decide that Defendant Pass' or Defendants The Vault or Sonic Bidder's conduct caused Plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Defendant Pass only if Plaintiff proves by clear and convincing evidence that Defendant Pass engaged in that conduct with malice, oppression, or fraud.

You may award punitive damages against Defendants The Vault or Sonic Bidder only if Plaintiff proves that Defendants The Vault or Sonic Bidder acted with malice, oppression, or fraud. To do this, Plaintiff must prove one of the following by clear and convincing evidence:

1. That the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of Defendants The Vault or Sonic Bidder, who acted on behalf of Defendants The Vault or Sonic Bidder; or

2. That an officer, a director, or a managing agent of [name of entity defendant had advance knowledge of the unfitness of Defendant Pass and employed him with a knowing disregard of the rights or safety of others; or

3. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Defendants The Vault or Sonic Bidder; or

4. That one or more officers, directors, or managing agents of Defendants The Vault or Sonic Bidder knew of the conduct constituting malice, oppression, or fraud and adopted or

65

approved that conduct after it occurred.

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that a defendant's conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision-making, such that the employee's decisions ultimately determine corporate policy. There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors separately for each defendant in determining the amount:

(a)  How reprehensible was that defendant's conduct? In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

1.  Whether the conduct caused physical harm;

2.  Whether the defendant disregarded the health or safety of others;

3.  Whether Plaintiff was financially weak or vulnerable and the defendant knew Plaintiff was financially weak or vulnerable and took advantage of him;

66

4.    Whether the defendant's conduct involved a pattern or practice; and

5.    Whether the defendant acted with trickery or deceit.

(b)    Is there a reasonable relationship between the amount of punitive damages and Plaintiff's harm?

(c)    In view of that defendant's financial condition, what amount is necessary to punish him or it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources.

Source: Judicial Council Of California Civil Jury Instruction 3947.

710588.0005/9948819.1